UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CITY of PHILADELPHIA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States,<br><br>    Defendant. | Case No. 2:17-cv-03894-MMB |

## **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff City of Philadelphia ("the City" or "Philadelphia"), by and through its counsel, hereby moves this Honorable Court for a preliminary injunction to prevent Defendant Jefferson Beauregard Sessions III, the Attorney General of the United States, from imposing three new unauthorized and unconstitutional conditions on the City's FY 2017 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG"). Furthermore, if the Court determines that the new condition concerning certification of compliance with 8 U.S.C. § 1373 can be attached to the City's FY 2017 Byrne JAG award, Plaintiff moves for a preliminary injunction to prevent the Attorney General from rejecting the City's application or withholding any funds from the City pertaining to that condition, because Philadelphia complies with Section 1373 as lawfully and constitutionally construed.

1

As set forth in the accompanying memorandum of law in support of Plaintiff's motion, the City of Philadelphia satisfies each of the elements for securing a preliminary injunction. The City will show that:

1. The Attorney General's imposition of the new conditions for FY 2017 Byrne JAG awards violate the Administrative Procedure Act three times over: The conditions are "not in accordance with" the statute creating the Byrne JAG program, and instead exceed the Attorney General's authority under that statute; they are "contrary to constitutional right, power, privilege, or immunity"; and they are "arbitrary [and] capricious." 5 U.S.C. § 706(2)(A)-(C). The Attorney General wholly lacks the authority to demand that States and localities accept these new conditions in order to receive their formula grants under the Byrne JAG statute. The City is therefore likely to succeed on the merits of its claims.

2. Furthermore, had Congress delegated authority to the Attorney General to attach the new conditions to Byrne JAG awards, that delegation would have run afoul of the Spending Clause of the United States Constitution. All three conditions pertain to localities' cooperation in federal immigration enforcement. They have nothing to do with strengthening States or cities' local criminal justice systems, which is the purpose of the Byrne JAG program. In fact, the City has determined that complying with the new conditions would *undermine* public safety and the health and well-being of its residents. This is a further reason the City is likely to succeed on the merits of its claims.

3. Even though the Section 1373 condition exceeds the Attorney General's authority and violates the Constitution's Spending Clause, the City of Philadelphia should not be denied its allocated FY 2017 Byrne JAG award as a result of that condition because the City complies with it as properly construed, especially in the context of a criminal justice assistance grant.

4. The Attorney General's imposition of the new conditions will cause immediate and irreparable harm to the City and its residents. Meanwhile, Defendant cannot show that a preliminary injunction will harm its interests, and the public interest strongly favors the requested relief.

Plaintiff requests that the Court set an expedited hearing at which witness testimony and oral argument will be presented. This motion is supported by the attached Memorandum in Support of Motion Preliminary Injunction, accompanying declarations and exhibits, Plaintiff's Complaint, as well as any additional submissions and oral argument that may be considered by the Court.

DATED: September 28, 2017

Respectfully submitted,

*/s/ Virginia A. Gibson*

| | |
|---|---|
| SOZI PEDRO TULANTE, I.D. NO. 202579 | VIRGINIA A. GIBSON, I.D. NO. 32520 |
| City Solicitor | SARA ARONCHICK SOLOW, I.D. NO. 311081 |
| MARCEL S. PRATT, I.D. NO. 307483 | JASMEET K. AHUJA, I.D. NO. 322093 |
| Chair, Litigation Group | ALEXANDER B. BOWERMAN, I.D. NO. 321990 |
| LEWIS ROSMAN, I.D. NO. 72033 | HOGAN LOVELLS US LLP |
| Senior Attorney | 1735 Market Street, 23rd Floor |
| CITY OF PHILADELPHIA LAW DEPARTMENT | Philadelphia, PA 19103 |
| 1515 Arch Street, 17th Floor | (267) 675-4600 |
| Philadelphia, PA 19102 | virginia.gibson@hoganlovells.com |

ROBERT C. HEIM, I.D. NO. 15758
JUDY L. LEONE, I.D. NO. 041165
FRIEDRICH-WILHELM W. SACHSE, I.D. NO. 84097
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

NEAL KUMAR KATYAL (*pro hac vice*)
DANIEL J.T. SCHUKER (*pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004

*Attorneys for the City of Philadelphia*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, a copy of the foregoing Motion for Preliminary Injunction, together with all documents in support thereof, were electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Virginia A. Gibson
Attorney for Plaintiff