

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Courier:* |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave. NW |
| Washington, DC 20044 | Washington, DC 20530 |

Arjun Garg  Tel: (202) 305-8613   arjun.garg@usdoj.gov
Trial Attorney  Fax: (202) 616-8470

February 12, 2018

The Honorable Michael M. Baylson
U.S. District Court the Eastern District of Pennsylvania
Room 3810, U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

     Re:    *City of Philadelphia v. Sessions*, Case No: 17-cv-03894

Dear Judge Baylson:

    In connection with the Court's January 24, 2018 Order (Dkt. No. 98), I write to advise the Court of disputes regarding Plaintiff's responses to two interrogatories that Defendant propounded. Through efforts to confer regarding these disputes, I understand from Plaintiff's counsel that Plaintiff intends to provide further clarification and/or amendment of its responses. This letter is sent to preserve Defendant's objections regarding Plaintiff's responses, if Plaintiff's ongoing efforts to follow up on its responses prove to be inadequate.

    The first dispute concerns Interrogatory No. 4 that Defendant propounded to Plaintiff:

> **Interrogatory No. 4**
>
> Describe each instance the City is aware of where the City did not comply with an immigration "detainer or notification request," as that phrase is used in the City's Complaint ¶ 44 (Dkt. No. 1), and the individual who was the subject of that detainer subsequently was convicted of a crime, including the nature of such crime(s).
>
> **Response No. 4**
>
> The City objects to this Interrogatory to the extent it seeks information in the possession of the Defendant or ICE. Upon information and belief, ICE

>   has knowledge of each "detainer or notification request" it issued with which the City allegedly did not comply.  The City also objects to this request to the extent it demands that the City gather information or knowledge regarding individuals who were the subject of ICE "detainer[s] or notification request[s]" that are not presently in the City's custody or control, or to provide other information not kept or maintained in the City's ordinary course of business.  To the extent the City becomes aware or otherwise comes into possession of such information, the City will supplement this response.

Plaintiff's response nowhere acknowledges whether the City does or does not presently know of information responsive to Interrogatory No. 4, nor does it discuss what inquiry has or has not been made regarding the City's knowledge of responsive information.  For example, I understand from conferring that Plaintiff's response does not reflect having made an inquiry with Mr. Abernathy, a City official overseeing police and prisons who testified for the City during preliminary injunction proceedings regarding City policies at issue in this litigation.  The response is inadequate.

The second dispute concerns Interrogatory No. 5 that Defendant propounded to Plaintiff:

>   **Interrogatory No. 5**
>
>   Regarding the City's reference to "three individuals for whom ICE sent Philadelphia detainer or notification requests and who were in City custody [and] had been serving a sentence after being convicted of a crime," as stated in the City's Complaint ¶ 44 (Dkt. No. 1), describe for each of those requests whether the City complied with the request, why the City complied or did not comply, and for what crime(s) each individual had been convicted.
>
>   **Response No. 5** (excerpted)[1]
>
>   . . . . According to the Philadelphia Department of Prisons' ("PDP") excel spreadsheet on "I.C.E. Data," hereinafter "Detainer Tracker," which the City is producing, out of the 164 detainers issued between January 1, 2016 and January 18, 2018, only six individuals had been issued an ICE detainer with an accompanying federal judicial warrant.  Of those six, according to the Detainer Tracker, four are still serving their sentence in a Philadelphia prison or detention center and one is still a serving a sentence in a state correctional institution ("SCI").  The PDP transferred the sixth, upon

---

[1]   The full text of the City's response to Interrogatory No. 5 is appended to this letter.

>    notification to ICE, to federal custody.  The six individuals, as identified by their PPD ID number, are . . . .

Plaintiff's response leaves unclear whether the three individuals about whom Interrogatory No. 5 inquired are among the six individuals discussed in the response.  The City's Complaint did not indicate that the three individuals at issue were subject to federal judicial warrants, whereas the City's interrogatory response references six individuals who were subject to federal judicial warrants.  The response is inadequate.

In light of the parties' ongoing, mutual efforts to resolve concerns raised regarding their respective discovery responses, the Court may consider whether to continue the telephone hearing scheduled for February 15, 2018 until such time as the scope of any remaining dispute is clearer.  I appreciate the Court's attention to this matter.

>                                           Respectfully submitted,
>
>                                           Arjun Garg

**APPENDIX**

**Interrogatory No. 5:**

Regarding the City's reference to "three individuals for whom ICE sent Philadelphia detainer or notification requests and who were in City custody [and] had been serving a sentence after being convicted of a crime," as stated in the City's Complaint ¶ 44 (Dkt. No. 1), describe for each of those requests whether the City complied with the request, why the City complied or did not comply, and for what crime(s) each individual had been convicted.

**Response No. 5.**

The City responds as follows: In the City's original Complaint, Dkt. No. 1, the City stated at paragraph 44:

> As a result of Detainer Orders I and II, Philadelphia prison authorities stopped notifying ICE of the forthcoming release of inmates, *unless ICE provided the authorities a notification request that was accompanied by a judicial warrant*. This has been the practice in the prisons since the signing of Detainer Order I in April 2014 through the date of this filing. Because the vast majority of individuals in Philadelphia's prison facilities are pre-trial or pre-sentence detainees, however, the vast majority of detainer or notification requests that the City receives from ICE concern persons without scheduled release dates. Since January 2016, only three individuals for whom ICE sent Philadelphia detainer or notification requests and who were in City custody had been serving a sentence after being convicted of a crime. Every other individual for whom ICE sent a detainer or notification request during that time period was an individual in a pre-trial, pre-sentencing, or temporary detention posture, whose release could often be ordered with no advance notification to local authorities.

(emphasis added). Philadelphia complies with *all* federal judicial warrants. *Id*; *see also* Dkt. No. 68, at 68:8-69:9 (Ross), 87:6-25, 88:17-18, 89:4-6 (Abernathy); Dkt. No. 74 (Mem. Op.), at 41-42. If the City has not communicated to ICE regarding an individual who was issued a detainer and a notification request, accompanied by a federal judicial warrant, that individual is still serving his or her sentence in a Philadelphia prison or detention center. Dkt. No. 68, at 93:4-14 (Abernathy). According to the Philadelphia Department of Prisons' ("PDP") excel spreadsheet on "I.C.E. Data," hereinafter "Detainer Tracker," which the City is producing, out of the 164 detainers issued between January 1, 2016 and January 18, 2018, only six individuals had been issued an ICE detainer with an accompanying federal judicial warrant. Of those six, according to the Detainer Tracker, four are still serving their sentence in a Philadelphia prison or detention center and one is still a serving a sentence in a state correctional institution ("SCI"). The PDP transferred the sixth, upon notification to ICE, to federal custody. The six individuals, as identified by their PPD ID number, are:

PID# 1149047: In custody on 7/27/2016. Convicted of Rape, Contact with Minor, False Imprisonment, Endangering Welfare of Child, Simple Assault, Recklessly Endangering, Involuntary Deviate Sexual Intercourse, Unlawful Restraint, Indecent Exposure, Corruption of Minors, and Indecent Assault. Warrant/Detainer dated 8/17/2016. Inmate not in custody; sent to SCI on 3/1/2017.

**APPENDIX (cont'd)**

PID# 1057634: In custody on 11/5/2016.  Convicted of Criminal Conspiracy, Recklessly Endangering, Violation of Controlled Substances, Drugs, Device, and Cosmetic Act, and Endangering Welfare of Child.  Warrant/Detainer dated 11/4/2016.  Inmate in custody at Curran-Frumhold Correctional Facility ("CFCF").

PID# 1181844: In custody on 12/3/2016.  Convicted of Simple Assault, Sexual Assault, Indecent Assault, Corruption of Minors, and Contact with Minor.  Warrant/Detainer dated 12/23/2016.  Inmate not in custody; discharged to U.S. Marshall on 6/2/2017.

PID# 971930: In custody on 4/1/2017.  Convicted of Simple Assault, Unlawful Restraint, False Imprisonment, Rape, Involuntary Deviate Sexual Intercourse, Indecent Assault, Endangering Welfare of Child, Corruption of Minors, and Contact with Minor.  Warrant/Detainer dated 4/1/2017.  Inmate in custody at CFCF.

PID# 1190492: In custody on 9/8/2017.  Convicted of Violation of Controlled Substances, Drugs, Device, and Cosmetic Act.  Warrant/Detainer dated 9/8/2017.  Inmate in custody at CFCF.

PID# 1021763: In custody on 1/7/2018.  Convicted of Unlawful Contact/Communication with Minor – Sexual Offenses.  Warrant/Detainer dated 1/10/2018.  Inmate in custody at House of Correction ("HOC").

## **CERTIFICATE OF SERVICE**

      I, Arjun Garg, hereby certify that on February 12, 2018 I electronically filed the foregoing document using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

                                                                   */s/ Arjun Garg*
                                                                  ARJUN GARG