UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CITY of PHILADELPHIA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Case No. 2:17-cv-03894-MMB |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES 18 AND 19

Plaintiff City of Philadelphia ("the City" or "Philadelphia") respectfully submits the following memorandum in support of its motion to compel Defendant's response to two of Philadelphia's interrogatories seeking to ascertain the interpretation of 8 U.S.C. § 1373 the Department of Justice (the "Department") has applied to Philadelphia. These interrogatories are proper under both the Federal Rules of Civil Procedure and the Administrative Procedure Act, and the Department's responses will help clarify and narrow the issues in this case. The Court should therefore direct the Department to respond to Philadelphia's Interrogatories 18 and 19.

### BACKGROUND

Both parties served interrogatories and requests for production in December 2017. In its January 22, 2018 response, the Department did not respond to a single one of Philadelphia's interrogatories.[1] The Department began its response with about four pages worth of objections, including "objections that apply to all interrogatories," "objections to definitions," and

---

[1] The full text of each parties' requests and responses are attached to Philadelphia's letter submitted in response to the Court's January 24, 2018 Order.

1

"objections to instructions," followed by objections to each interrogatory incorporating these boilerplate objections and, in some cases, adding additional objections.

The parties met and conferred on January 23, 2018, and appeared before the Court for a status conference on January 24, 2018. Pursuant to the Court's Order following that conference, the parties continued to meet and confer. Despite these efforts, the Department has refused to respond to Philadelphia's Interrogatories 18 and 19, both of which concern the Department's interpretation of 8 U.S.C. § 1373 ("Section 1373"), which is central to this litigation.

Interrogatory 18 reads: "State whether it is the Department's position that Section 1373 requires that States and localities allow their employees to respond to all inquiries from [U.S. Immigration and Customs Enforcement ("ICE")] regarding an individual's whereabouts." Interrogatory 19 reads: "State whether it is the Department's position that Section 1373 prohibits States and localities from establishing protocols for responses to ICE inquiries about a person's whereabouts."

The Defendant's response to each interrogatory was the same: "Defendant incorporates by reference the above objections that apply to all interrogatories, as well as the objections to Plaintiff's definitions and instructions. Defendant further objects that this contention interrogatory improperly propounds a pure question of law."

Because Defendant's response gives rise to a "unique discovery issue," and legal authority demonstrates Defendant's obligation to respond, the City files this motion to compel. Dkt. 98, ¶ 4.

**LEGAL STANDARDS**

As a general matter, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)," that is, "any nonprivileged matter that is relevant to any party's claim or

2

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b), 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2).

There are additional principles to consider in suits under the Administrative Procedure Act ("APA"). In such cases, the "[f]ocal point for judicial review should be the administrative record already in existence." *Yatsko v. Office of Workers Comp. Programs*, No. CIV A 09-CV-0141, 2009 WL 2431434, at *2 (E.D. Pa. Aug. 7, 2009) (quoting *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 513 F. Supp. 2d 190, 200 (M.D. Pa. 2007)). But there are "exceptions to this general rule that would permit discovery." *Id.* Among other situations, a court is "justified to look beyond the administrative record" where "judicial review is impeded because the record fails to explain the agency's action." *Am. Farm Bureau Fed'n v. U.S. E.P.A.*, No. 1:11-CV-0067, 2011 WL 6826539, at *3 (M.D. Pa. Dec. 28, 2011) (citing *Camp v. Pitts,* 441 U.S. 138, 142-143 (1973)); *see also Yatsko*, 2009 WL 2431434, at *2 ("'[E]xamination of decisionmakers may be required when such examination provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings.'" (quoting *Community for Creative Non-Violence v. Lujan,* 908 F.2d 992, 997 (D.C. Cir. 1990)). Moreover, the "Supreme Court has held that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims." *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 328 (D.P.R. 1999) (citing *Webster v. Doe,* 486 U.S. 592, 604 (1988)). This is particularly true where there is "no administrative record with regard to . . . the constitutional claims." *Id.* And, plainly, not all lawsuits against an agency arise under the APA; thus, not all discovery from agencies is governed by the APA. *See, e.g.*, *ACLU v. Gonzales*, 237 F.R.D. 120, 123-124 (E.D. Pa. 2006).

3

**ARGUMENT**

A. Defendant has not stated a valid basis to decline to provide any response whatsoever to Interrogatories 18 and 19. Defendant incorporates by reference approximately four pages of objections to each interrogatory, but its primary objection appears to be that the City's APA claims should be resolved "based upon the administrative record and/or . . . without additional factual development." This argument fails for two reasons.

*First*, the City asserts claims that are not governed by the APA. The City's claim for a declaration that Defendant's application of Section 1373 to Philadelphia would violate the Tenth Amendment (Count V) does not arise under the APA at all. In addition, the City's claim for a declaration that it complies with Section 1373 as lawfully construed (Count VI) arises *both* under the APA and independently under the Declaratory Judgment Act: Because the Department has "threatened action" against jurisdictions like Philadelphia in the form of a lawsuit contending that the City's policies are preempted by Section 1373, the City may file suit to "challenge the basis for the threat." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 (2007).

*Second*, even with respect to Philadelphia's APA claims, this limited discovery is proper, as Interrogatories 18 and 19 are necessary to facilitate effective judicial review of both the imposition of the Section 1373 condition and the Department's determination that Philadelphia's policies may violate Section 1373. Although the Department repeatedly asked the City's witnesses whether the City's policies permitted employees to respond to ICE inquiries about a person's whereabouts,[2] the administrative record (including the Department's response to Philadelphia's Section 1373 certification) does not reflect whether the Department views this as

---

[2] *See, e.g.*, Dkt. 68 (Evidentiary Hr'g Tr.), at 53:8-11 (Ross) ("As you understand city policy, can a city employee under your supervision respond if that employee receives a request from ICE asking about the whereabouts of a particular alien being held in the City's law enforcement custody?"); *id.* at 110:1-4 (Abernathy) (same).

a requirement of Section 1373, or the extent to which, in the Department's view, the City may institute protocols for responding to such inquiries. The record therefore "fails to explain the agency's action." *Am. Farm Bureau Fed'n*, 2011 WL 6826539, at *3 (citing *Camp,* 441 U.S. at 142-143). These interrogatories accordingly aim to ascertain the interpretation of Section 1373 underlying the Department's actions at issue in this litigation.

There is ample support for such discovery in the APA context. Courts have long held that discovery of an agency's "contemporaneous construction" of pertinent regulations or other provisions can be appropriate. *See, e.g.*, *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982); *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 124 (D. Colo. 1993); *Tenneco Oil Co. v. Dep't of Energy*, 475 F. Supp. 299, 318 (D. Del. 1979); *Getty Oil Co. v. Dep't of Energy*, No. CIVIL 77-434, 1979 WL 1000, at *1 (D. Del. June 1, 1979) (Stapleton, J.). The Department thus cannot oppose these interrogatories on the grounds that Philadelphia asserts claims under the APA.

B. The Department also objects that Interrogatories 18 and 19 "propound[] a pure question of law." But interrogatories may be used to ascertain "a position taken by a party and an explanation or defense for that position with respect to how the law applies to the facts"; to uncover "the legal basis for, or theory behind, some specified contention"; or to obtain "for a delineation of legal theories." *ACLU*, 237 F.R.D. at 123-124. Indeed, in a case in this District involving a declaratory judgment action against the Attorney General, the Court compelled responses from the Attorney General to interrogatories concerning the Attorney General's "rationales, practices, policies or internal rules regarding what materials violate [a federal statute]," reasoning that the Attorney General's responses would "help narrow the issues in th[e] case." *Id.* at 130. The same is true here. And the same principles apply under the APA, as made

5

clear by the cases providing for discovery of an agency's "contemporaneous construction" of legal provisions. *See supra*.

## **CONCLUSION**

For the reasons discussed above, Defendant's objections to Interrogatories 18 and 19 are without merit. Philadelphia respectfully requests that the Court grant the City's motion to compel.

DATED: February 12, 2018                                Respectfully submitted,

SOZI PEDRO TULANTE, I.D. NO. 202579        VIRGINIA A. GIBSON, I.D. NO. 32520
  City Solicitor                                                          SARA ARONCHICK SOLOW, I.D. NO. 311081
MARCEL S. PRATT, I.D. NO. 307483                JASMEET K. AHUJA, I.D. NO. 322093
  Chair, Litigation Group                                     ALEXANDER B. BOWERMAN, I.D. NO. 321990
LEWIS ROSMAN, I.D. NO. 72033                     HOGAN LOVELLS US LLP
  Senior Attorney                                                 1735 Market Street, 23rd Floor
CITY OF PHILADELPHIA LAW DEPARTMENT    Philadelphia, PA 19103
1515 Arch Street, 17th Floor                            (267) 675-4600
Philadelphia, PA 19102                                     virginia.gibson@hoganlovells.com

ROBERT C. HEIM, I.D. NO. 15758                    NEAL K. KATYAL (*pro hac vice*)
JUDY L. LEONE, I.D. NO. 041165                     HOGAN LOVELLS US LLP
FRIEDRICH-WILHELM W. SACHSE, I.D. NO. 84097   555 Thirteenth Street, NW
DECHERT LLP                                                    Washington, DC 20004
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Attorneys for the City of Philadelphia*