UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CITY OF PHILADELPHIA,<br><br>        *Plaintiff*,<br>v.<br><br>JEFF SESSIONS, in his official capacity as Attorney General of the United States,<br><br>        *Defendant*. | Case No. 2:17-cv-03894-MMB |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO PLAINTIFF'S INTERROGATORIES 18 AND 19**

The City seeks to compel the Department to respond to two interrogatories to which the Department objected as improperly propounding pure questions of law:

> Interrogatory No. 18: State whether it is the Department's position that Section 1373 requires that States and localities allow their employees to respond to all inquiries from ICE regarding an individual's whereabouts.
>
> Interrogatory No. 19: State whether it is the Department's position that Section 1373 prohibits States and localities from establishing protocols for responses to ICE inquiries about a person's whereabouts.

The City's motion to compel lacks merit. Courts have repeatedly found that interrogatories like these two, seeking to force a party to adopt a position on abstract questions of law, are not a valid use of civil discovery and do not require a response.

Federal Rule of Civil Procedure 33 itself rejects what the City attempts to compel here. "As the Notes of the Advisory Committee observe, interrogatories may not extend to issues of 'pure law.'" *Neyhard v. State Farm Mut. Auto. Ins. Co.*, 1987 WL 4708, at *2 (E.D. Pa. Jan. 16, 1987) (citing Fed. R. Civ. P. 33 advisory committee note for 1970 amendment); *accord Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) (stating that "Rule 33 does not permit the inquiring party to seek an answer of 'pure law'"). The Advisory

1

Committee note for Rule 33 expressly references *United States v. Maryland & Virginia Milk Producers Association*, where a court held that "it is not appropriate to resort to interrogatories in order to ascertain contentions of the opposing party in respect to matters of law. That is not the function of discovery." 22 F.R.D. 300, 301 (D.D.C 1958) (citation omitted).

Accordingly, "courts have routinely concluded that interrogatories which seek purely legal information are not permissible." *Gilmore v. City of Minneapolis*, 2014 WL 4722488, at *6 (D. Minn. Sept. 22, 2014). Rule 33 "does not permit discovery requesting a party to express its legal position." *Escamilla v. Nuyen*, 2015 WL 4245868, at *8 (D.D.C. July 14, 2015); *see also McCrink v. Peoples Benefit Life Ins. Co.*, 2004 WL 2743420, at *4 (E.D. Pa. Nov. 29, 2004) ("[D]efendant shall not be required to answer this interrogatory to the extent that it calls for the defendant's legal reasoning and theories for denying plaintiffs' claim, rather than for the factual basis underlying this reasoning.").

The motion to compel fails because the City's "interrogatories request a purely legal response and do not request answers linked specifically to the facts of this case." *Everest Nat'l Ins. Co. v. Santa Cruz Cty. Bank*, 2016 WL 6311876, at *5 (N.D. Cal. Oct. 28, 2016). The interrogatories do "not ask for an opinion or contention that relates to a fact or an application of law to a fact. The inquiry does not relate to any facts at all." *Encon Int'l, Inc. v. Garrahan*, 2013 WL 12250907, at *1 (D. Kan. Jan. 16, 2013). "Instead, each [interrogatory] asks [the Department] to provide its opinion on a pure issue of law." *United States v. Quebe*, 2017 WL 279539, at *17 (S.D. Ohio Jan. 23, 2017) (finding that "objections are well taken" and denying motion to compel).

On this rationale, a court denied a motion to compel responses to interrogatories seeking a party's "understanding of the Fourteenth Amendment" and "understanding of the definition of 'religious exercise' under RLUIPA." *Anderson v. Werholtz*, 2009 WL 392673, at *1 (D. Kan. Feb.

2

17, 2009). Another court found that the following interrogatory "requires defendant to provide a legal interpretation of the word 'purpose,'" and denied the plaintiff's motion to compel: "What do YOU contend was required of YOU in order to be able to demonstrate a 'purpose' under California Welfare and Institutions Code 14085.6 for SB 1255 funds?" *United States ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 682-83 (E.D. Cal. 2006). As in those examples, the City's interrogatories here impermissibly seek opinions on issues of law.

The City's motion to compel warrants denial on this basis alone. The Court thus need not reach, but may additionally take into consideration, the principle that "[t]here is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process." *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006). That principle further counsels against this Court endorsing the City's attempt, in a case that is fundamentally a preemptive challenge under the Administrative Procedure Act, to use civil discovery not to develop facts, but instead to bind the federal government to abstract positions on the construction of a federal statute.

For all of these reasons, the City's motion to compel should be denied.

DATED: February 15, 2018          Respectfully submitted,

                                               CHAD A. READLER
                                               Acting Assistant Attorney General

                                               LOUIS D. LAPPEN
                                               Acting United States Attorney

                                               JOHN R. TYLER
                                               Assistant Director

                                               */s/ Arjun Garg*
                                               ARJUN GARG
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Civil Division, Federal Programs Branch

20 Massachusetts Ave, NW
Washington, DC 20530
Phone: (202) 305-8613
Fax: (202) 616-8470
E-Mail: arjun.garg@usdoj.gov

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Arjun Garg, hereby certify that on February 15, 2018 I electronically filed the foregoing document using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

 /s/ Arjun Garg
ARJUN GARG