# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CITY OF PHILADELPHIA,

*Plaintiff*,

v.

JEFF SESSIONS, in his official capacity as Attorney General of the United States,

*Defendant*.

Case No. 2:17-cv-03894-MMB

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

Defendant, by his undersigned counsel, hereby answers the paragraphs of Plaintiff's Amended Complaint for Declaratory, Injunctive, and Mandamus Relief ("Amended Complaint") as follows, in correspondingly numbered paragraphs:

## INTRODUCTION

1.      This paragraph contains Plaintiff's characterizations of this lawsuit, to which no response is required.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Defendant admits that Philadelphia has applied for and received Edward Byrne Memorial Justice Award Grant ("Byrne JAG") awards since 2005 and prior to this case has not had litigation with the federal government regarding those awards, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      The first sentence of this paragraph is rhetorical commentary to which no response

is required.  The remainder of this paragraph contains Plaintiff's characterization of a Department of Justice "Backgrounder on Grant Requirements," which is part of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.  Defendant further denies any implication that the language contained in the Backgrounder on Grant Requirements constituted the actual text of the grant conditions with which Byrne JAG grantees would be expected to comply.

6.      This paragraph contains Plaintiff's characterization of the Byrne JAG Program Grant Award for County of Greenville, SC ("2017 Greenville Award").  Defendant respectfully refers the Court to the 2017 Greenville Award for a complete and accurate statement of its contents, and denies the remaining allegations of this paragraph.

7.      The first sentence of this paragraph is rhetorical commentary to which no response is required.  The remainder of this paragraph contains Plaintiff's conclusions of law, to which no response is required.

8.      Denied.

9.      The first sentence of this paragraph is rhetorical commentary to which no response is required, but to the extent a response is required Defendant denies the allegations.  Defendant admits that the President signed Executive Order 13,768 during his first week in office and respectfully refers the Court to that Executive Order for a complete and accurate statement of its contents.  Defendant admits that certain aspects of Executive Order 13,768 were enjoined by a federal court and that Defendant sent letters to the City of Philadelphia and eight other jurisdictions regarding the documentation requirements of their FY 2016 Byrne JAG grants.  Those nine letters are part of the administrative record in this case, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in the third and fourth sentence of this

paragraph are inconsistent with the administrative record, Defendant denies them.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of this paragraph.  Defendant admits the sixth sentence of this paragraph.

10.     The first sentence of this paragraph contains Plaintiff's characterization of an April 28, 2017 speech by the Attorney General.  Defendant respectfully refers the Court to that speech for a complete and accurate statement of its contents, and denies the remaining allegations of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

11.     This paragraph contains Plaintiff's characterization of a June 22, 2017 letter, which is part of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  Defendant denies any characterization of the cited letter, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

12.     This paragraph contains Plaintiff's characterization of a July 6, 2017 Department of Justice press release, which is part of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  Defendant denies any characterization of the cited press release, and respectfully refers the Court to the press release for a complete and accurate statement of its contents.

13.     The first sentence of this paragraph contains Plaintiff's characterization of a July 25, 2017 Department of Justice press release, which is part of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  Defendant denies any characterization of the cited press release, and respectfully refers the Court to the press release for a complete and accurate statement of its contents.  With respect to the second sentence of this paragraph, Defendant admits that applications under the Byrne JAG FY 2017 Local Solicitation were due on September 5, 2017.  Defendant admits the allegations of the third sentence

of this paragraph.

14.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

15.     The first and last sentences of this paragraph contain Plaintiff's characterizations of this lawsuit, to which no response is required.  The second and third sentences of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of the second and third sentences of this paragraph.

16.     This paragraph contains Plaintiff's characterizations of this lawsuit, to which no response is required.

17.     The first sentence of this paragraph contains Plaintiff's characterizations of this lawsuit, to which no response is required.  Defendant admits that the federal government's 2017 fiscal year has ended; that Congress appropriated Byrne JAG funds in FY2017 expressly to remain legally available for obligation until the funds are expended, without regard to fiscal year limitation; and that the federal government has not disbursed Byrne JAG funds to the City of Philadelphia for fiscal year 2017.  Defendant denies the remaining allegations of the second sentence of this paragraph.

## PARTIES

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remaining allegations of this paragraph contains Plaintiff's characterizations of facts unrelated to their legal claims—rather than facts showing that Plaintiff is entitled to relief, as required by Federal Rule of Civil Procedure 8(a)(2)—and therefore no response is required.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.     Defendant admits the first two sentences of this paragraph.  Defendant further admits that the Attorney General is the head of the United States Department of Justice, which administers the Byrne JAG Program, but otherwise denies Plaintiff's characterizations in the third sentence of this paragraph.

## JURISDICTION AND VENUE

21.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.

22.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.

## FACTUAL ALLEGATIONS

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  In the second sentence of this paragraph, Defendant denies any characterization of the cited study, and respectfully refers the Court to the study for a complete and accurate statement of its contents.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of this paragraph.  The last sentence of this paragraph contains Plaintiff's characterization of the Amended Complaint, to which no response is required.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.     This paragraph contains Plaintiff's characterization of Memorandum 01-06, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 for a complete and accurate statement of its contents.

27.     This paragraph contains Plaintiff's characterization of Memorandum 01-06, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 for a complete and accurate statement of its contents.

28.     This paragraph contains Plaintiff's characterization of Memorandum 01-06, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 for a complete and accurate statement of its contents.

29.     The first sentence of this paragraph contains Plaintiff's characterization of Memorandum 01-06, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 for a complete and accurate statement of its contents.  The allegations in the second sentence of this paragraph are vague and undefined, thus precluding a fair response by Defendant.  The third sentence of this paragraph contains Plaintiff's characterization of a statement and article, to which no response is required.  Defendant respectfully refers the Court to the cited statement and article for a complete and accurate statement of their contents.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31.     This paragraph contains Plaintiff's characterizations concerning various articles. Defendant denies any characterization of the cited articles, and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

32.     This paragraph contains Plaintiff's characterizations concerning an article. Defendant denies any characterization of the cited article, and respectfully refers the Court to the article for a complete and accurate statement of its contents.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of Executive Order No. 8-09, to which no response is required.

Defendant respectfully refers the Court to Executive Order No. 8-09 for a complete and accurate statement of its contents.

34.     This paragraph contains Plaintiff's characterization of Executive Order No. 8-09, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 8-09 for a complete and accurate statement of its contents.

35.     This paragraph contains Plaintiff's characterization of Executive Order No. 8-09, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 8-09 for a complete and accurate statement of its contents.

36.     This paragraph contains Plaintiff's characterization of Executive Order No. 8-09, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 8-09 for a complete and accurate statement of its contents.

37.     This paragraph contains Plaintiff's characterization of Executive Order No. 8-09, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 8-09 for a complete and accurate statement of its contents.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

39.     Defendant respectfully refers the Court to the article cited in the first sentence of this paragraph for a complete and accurate statement of its contents, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of this paragraph.  Defendant denies the allegations in the last two sentences of this paragraph.

40.     This paragraph contains Plaintiff's characterizations of Executive Order No. 1-14 and a Third Circuit decision, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 1-14 and the cited Third Circuit decision for a complete and accurate

statement of their contents.

41.     This paragraph contains Plaintiff's characterization of Executive Order No. 1-14, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 1-14 for a complete and accurate statement of its contents.

42.     This paragraph contains Plaintiff's characterization of Executive Order No. 1-14, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 1-14 for a complete and accurate statement of its contents.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of Executive Order No. 5-16, to which no response is required. Defendant respectfully refers the Court to Executive Order No. 5-16 for a complete and accurate statement of its contents.

44.     This paragraph contains Plaintiff's characterization of Executive Order No. 5-16, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 5-16 for a complete and accurate statement of its contents.

45.     This paragraph contains Plaintiff's characterization of Executive Order No. 5-16, to which no response is required.  Defendant respectfully refers the Court to Executive Order No. 5-16 for a complete and accurate statement of its contents.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

47.     This paragraph contains Plaintiff's characterization of the First Deputy Managing Director's March 22, 2017 memorandum, to which no response is required.  Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of an Inmate Consent Form, to which no response is required. Defendant respectfully refers the Court to the Inmate Consent Form for a complete and accurate statement of its contents.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

54.     Defendant admits that Philadelphia participates in the task forces identified in the third sentence of this paragraph, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph.  Defendant admits that federal authorities sometimes can use information derived from the cited databases to obtain knowledge about some undocumented individuals in Philadelphia of interest to federal authorities, but otherwise denies the allegations of the third sentence of this paragraph.  With respect to subparagraph a, Defendant admits that the FBI maintains the National Crime Information Center

9

("NCIC") database and admits that if the officer is able to collect the person's date of birth or license plate information, NCIC protocols mandate that that information will also be entered into NCIC as part of a query, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph a. With respect to subparagraph b, Defendant admits the allegations of the final sentence of subparagraph b (with a clarification that the FBI has transitioned from IAFIS to Next Generation Identification ("NGI"), which in relevant respect for this case provides similar functionality and interoperability as IAFIS provided), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of subparagraph b. With respect to subparagraph c, Defendant admits that U.S. Immigrations and Customs Enforcement ("ICE") has access to certain information, provided by the City of Philadelphia, contained in the Preliminary Arraignment System ("PARS"), refers to the cited end user license agreement for a complete and accurate statement of its contents, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of subparagraph c.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second sentence of this paragraph refers to a set of Frequently Asked Questions that are available on ICE's website and to which Defendant refers for its complete and accurate contents. To the extent a response is deemed necessary, Defendant denies the allegations in the second sentence.

57.      This paragraph contains Plaintiff's characterization of the legislative history of the Byrne JAG Program, to which no response is required. Defendant refers to the statutes and Congressional Research Service report cited in this paragraph for a complete and accurate statement of their contents.

58.     Defendant admits the allegations of the first sentence of this paragraph. The

remainder of this paragraph contains Plaintiff's characterization of a 2005 House Report, to which no response is required.  Defendant respectfully refers the Court to the 2005 House Report for a complete and accurate statement of its contents.

59.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provision for a complete and accurate statement of its contents.

60.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

61.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions and case for a complete and accurate statement of their contents.

62.     Admitted.

63.     Defendant admits that, during the five years prior to FY 2017, the Department of Justice has made Philadelphia's Byrne JAG award no later than August or September of a particular grant year, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence.  With respect to the second sentence of this paragraph, Defendant denies Plaintiff's characterization and respectfully refers the Court to the Declaration of Alan R. Hanson (Dkt. No. 28-1, at paragraphs 6 and 7), Defendant's Response to Plaintiff's Interrogatory No. 24, and Defendant's March 23, 2018 Statement of Legal Contentions (at page 26).

64.     Defendant admits that Philadelphia has previously been awarded competitive subgrants from the annual Byrne JAG award to the Commonwealth of Pennsylvania, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

67.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

68.      This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

69.      This paragraph contains Plaintiff's characterization of various statutes, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions and case for a complete and accurate statement of their contents.

70.     The first sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  The remainder of this paragraph, including subparts a through g, contains Plaintiff's characterization of the City of Philadelphia's FY 2016 Byrne JAG Program Grant Award, to which no response is required.  Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

71.     The first sentence of this paragraph contains Plaintiff's characterization of the City of Philadelphia's FY 2016 Byrne JAG Program Grant Award, to which no response is required.  Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents. The second sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  The third sentence of this paragraph is vague and undefined, thus

precluding a fair response.  The fourth sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  The fifth sentence this paragraph constitutes a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in the fifth sentence of this paragraph are inconsistent with the administrative record, Defendant denies them.

72.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

73.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions and cases for a complete and accurate statement of their contents.

74.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

75.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

76.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

77.     The allegations of this paragraph constitute a characterization of the administrative

record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

78.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

79.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

80.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.

81.     This paragraph contains Plaintiff's characterizations of Executive Order 13768 and a case regarding that Executive Order, to which no response is required.  Defendant respectfully refers the Court to the Executive Order and case for a complete and accurate statement of their contents.

82.     This paragraph contains Plaintiff's characterization of a case regarding Executive Order 13768, to which no response is required.  Defendant respectfully refers the Court to the cited case for a complete and accurate statement of its contents.  To the extent the first sentence of this paragraph purports to characterize events outside of that lawsuit, the allegations are vague and undefined, thus precluding a fair response.  To the extent a response is deemed necessary, Defendant denies the allegations.

83.     The allegations of this paragraph constitute a characterization of the administrative

record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

84.     The allegations of this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

85.     The allegations of this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

86.     The allegations of this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

87.     The allegations of this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

88.     The allegations of this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

89.     The allegations of this paragraph constitute a characterization of the administrative

record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

90.     The allegations of this paragraph constitute a characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

91.     The first and third sentences of this paragraph contain Plaintiff's characterization of an October 11, 2017 letter from the Department of Justice to the City of Philadelphia, to which no response is required.  Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.  Defendant admits that the October 11, 2017 letter does not, in Defendant's view, constitute final agency action, but otherwise denies the allegations contained in the second sentence of this paragraph.

92.     This paragraph contains Plaintiff's characterization of a July 25, 2017 Department of Justice press release and a Department of Justice "Backgrounder on Grant Requirements," both of which are part of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.

93.     This paragraph contains Plaintiff's characterization of a declaration submitted in *City of Chicago v. Sessions*, No. 1:17-cv-05720 (N.D. Ill. Aug. 24, 2017, Dkt. No. 32-1), to which no response is required.  Defendant refers to that declaration (including the exhibits attached thereto) for a complete and accurate statement of its contents.  Defendant admits that the 2017 Greenville Award and the FY 2017 Byrne JAG award to the City of Binghamton, New York ("2017 Binghamton Award") (both of which are attached to the cited declaration at Dkt. No. 32-

1) set forth the relevant grant conditions being challenged in this lawsuit.

94.    This paragraph contains Plaintiff's characterization of the 2017 Greenville Award, to which no response is required.  Defendant respectfully refers the Court to the 2017 Greenville Award for a complete and accurate statement of its contents.

95.    The first sentence of this paragraph contains Plaintiff's characterization of the 2017 Greenville Award, to which no response is required.  Defendant respectfully refers the Court to the 2017 Greenville Award for a complete and accurate statement of its contents.  The second sentence of this paragraph contains Plaintiff's characterization of a provision of the United States Code, to which no response is required.  Defendant respectfully refers the Court to that provision for a complete and accurate statement of its contents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph. Defendant denies that the notice condition applies only to those inmates in Philadelphia's prisons who have been convicted of crimes and are serving sentences, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph.  The fifth sentence of this paragraph is rhetorical commentary to which no response is required.

96.    This paragraph contains Plaintiff's characterization of the 2017 Greenville Award, to which no response is required.  Defendant respectfully refers the Court to the 2017 Greenville Award for a complete and accurate statement of its contents.

97.     Admitted.

98.    The allegations of this paragraph contain Plaintiff's characterization of the administrative record in this case.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in this paragraph are inconsistent with the administrative record, Defendant denies them.  This paragraph further contains Plaintiff's

characterization of the 2017 Greenville Award and 2017 Binghamton Award, to which no response is required.   Defendant respectfully refers the Court to the 2017 Greenville Award and 2017 Binghamton award for a complete and accurate statement of their contents.   This paragraph also contains Plaintiff's conclusions of law to which no response is required.   Defendant denies the remaining allegations in this paragraph.

99.     Denied, except to admit that, in order to receive a FY 2017 Byrne JAG grant, the City of Philadelphia would have to comply with Byrne JAG grant requirements.

100.    With respect to the first sentence of this paragraph, Defendant denies any implication that the Department's October 11, 2017 letter represents the Department's final conclusion regarding Philadelphia's compliance with 8 U.S.C. § 1373 rather than a preliminary assessment, but otherwise admits the allegations of the first sentence of this paragraph.   The second sentence of this paragraph contains Plaintiff's conclusions of law and characterization of other judicial proceedings of which this Court can take judicial notice, to which no response is required. The third sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.   The second sentence of this paragraph contains Plaintiff's conclusions of law and is rhetorical commentary, to which no response is required.

102.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.   To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

103.    The first, third, fourth, and fifth sentences of this paragraph contain Plaintiff's conclusions of law, to which no response is required.   The second sentence of this paragraph

contain Plaintiff's characterization of a provision of the United States Code, to which no response is required.  Defendant respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

104.     This paragraph contains Plaintiff's characterization of legislation and conclusions of law, to which no response is required.  Defendant respectfully refers the Court to the cited legislation for a complete and accurate statement of its contents.

105.     The allegations of this paragraph are vague and undefined, thus precluding a fair response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

106.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

107.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which also contains Plaintiff's conclusions of law to which no response is required.

109.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph.  With respect to the second sentence of this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Philadelphia allows for meetings to which inmates consent.  The remaining allegations of the second sentence of this paragraph and the allegation of the third sentence of this paragraph contain Plaintiff's characterization of the 2017 Greenville Award, to which no response is required.  Defendant respectfully refers the Court to the 2017 Greenville Award for a complete

and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of this paragraph. The final sentence of this paragraph contains Plaintiff's rhetorical commentary, to which no response is required.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Philadelphia only provides advance notification of an inmate's release when ICE presents a judicial warrant, and Defendant otherwise denies the allegations of the second sentence of this paragraph. The third sentence of this paragraph contains Plaintiff's conclusions of law and is rhetorical commentary, to which no response is required.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## CAUSES OF ACTION

### COUNT I

113.    Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

114.    This paragraph contains Plaintiff's conclusions of law, to which no response is required. Defendant respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

115.    This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of this

paragraph.

116.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

117.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

118.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited statutory provision for a complete and accurate statement of contents.

119.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the Administrative Procedure Act, to which no response is required.  Defendant respectfully refers the Court to the cited statutory provisions for a complete and accurate statement of their contents.

120.     Denied.

121.     Denied.

## COUNT II

122.     Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

123.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the U.S. Constitution, to which no response is required.  Defendant respectfully refers the Court to the cited constitutional provision for a complete and accurate statement of its contents.

124.     This paragraph contains Plaintiff's characterizations of and legal conclusions about the U.S. Constitution, to which no response is required.  Defendant respectfully refers the Court to

the cited constitutional provision for a complete and accurate statement of its contents.

125. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Defendant respectfully refers the Court to the cited cases for a complete and accurate statement of their contents.

126. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Defendant respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

127. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

128. Defendant denies the allegations in the first sentence of this paragraph, except to admit that the Department of Justice imposed the Section 1373 condition pursuant to a delegation of authority by Congress. The second sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of the second sentence of this paragraph.

129. Defendant denies the allegations in the first sentence of this paragraph, except to admit that the Department of Justice imposed the notice and access conditions pursuant to a delegation of authority by Congress. The second sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of the second sentence of this paragraph.

130. Denied.

131. Denied.

## COUNT III

132. Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

133.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

134.    Denied.

135.    Denied.

## COUNT IV

136.    Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

137.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

138.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations and respectfully refers the Court to the cited cases for a complete and accurate statement of their contents.

139.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

140.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

141.    This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this

paragraph and respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

 142. Denied.

 143. Denied.

## COUNT V

 144. Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

 145. This paragraph contains Plaintiff's characterizations of and legal conclusions about the U.S. Constitution, to which no response is required.  Defendant respectfully refers the Court to the cited cases for a complete and accurate statement of their contents.

 146. This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited cases for a complete and accurate statement of their contents.

 147. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph.  The second sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of the second sentence of this paragraph.

 148. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph.  This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

 149. Denied.

 150. Denied.

**COUNT VI**

151.     Defendant restates and incorporates, as though fully set forth in this paragraph, each and every of the foregoing responses.

152.     This paragraph contains Plaintiff's characterization of a June 22, 2017 letter, which is part of the administrative record in this case.  Defendant denies any characterization of the cited letter, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

153.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

154.     The first sentence of this paragraph contains Plaintiff's characterization of Memorandum 01-06 and the Confidentiality Order, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 and the Confidentiality Order for a complete and accurate statement of their contents.  The second sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of the second sentence of this paragraph.

155.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of Memorandum 06-01 [sic] and the Confidentiality Order, to which no response is required.  Defendant respectfully refers the Court to Memorandum 01-06 and the Confidentiality Order for a complete and accurate statement of their contents.

156.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

157.    Denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint set forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief.

Each and every allegation of the Amended Complaint not heretofore expressly admitted or denied is hereby denied.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.

DATED:  April 3, 2018                                 Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

LOUIS D. LAPPEN
Acting United States Attorney

JOHN R. TYLER
Assistant Director

*/s/ Arjun Garg*
ARJUN GARG
BRAD P. ROSENBERG
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Phone: (202) 305-8613
Fax: (202) 616-8470
E-Mail: arjun.garg@usdoj.gov
        brad.rosenberg@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Arjun Garg, hereby certify that on April 3, 2018 I electronically filed the foregoing Answer using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

*/s/ Arjun Garg*
ARJUN GARG