**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE CITY of PHILADELPHIA, | |
| Plaintiff, | |
| v. | Case No. 2:17-cv-03894-MMB |
| JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States, | |
| Defendant. | |

**FINAL JUDGMENT AND DECREE**

**AND NOW,** this 28th day of June, 2018, for the reasons set forth in the Court's Memorandum Opinion of June 6, 2018 (ECF 224), it is hereby **ORDERED** that judgment be entered in favor of Plaintiff, the City of Philadelphia (the "City" or "Philadelphia"), and against Defendant, Jefferson Beauregard Sessions III, in his official capacity as Attorney General of the United States. The Court will grant the City declaratory, injunctive, and mandamus relief as set forth below.

Through this lawsuit, the City challenges three conditions imposed by Defendant on Philadelphia's application for funding under the FY 2017 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") program, specifically:

1.  The requirement that Philadelphia, as a condition of receiving FY 2017 Byrne JAG funding, have in place an ordinance, rule, regulation, policy, or practice that is designed to ensure that local correctional facilities honor requests from the Department of Homeland Security for advance notice of the scheduled release date and time of a particular person (the "Advance Notification Condition").

1

2.     The requirement that Philadelphia, as a condition of receiving FY 2017 Byrne JAG funding, have in place an ordinance, rule, regulation, policy, or practice that is designed to ensure that agents of the United States are given access to local correctional facilities for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States (the "Jail Access Condition").

3.     The requirement that Philadelphia, as a condition of its FY 2017 grant application, certify its compliance with 8 U.S.C. § 1373 ("the Section 1373 Condition").

These conditions are referred to herein as the "Challenged Conditions."

## I.     DECLARATORY RELIEF

Pursuant to Count I of the City's First Amended Complaint (ECF 84), the Court hereby declares that Defendant exceeded the authority delegated by Congress in 34 U.S.C. § 10102(a)(6) in imposing the Advance Notification and Jail Access Conditions on the City's FY 2017 Byrne JAG funding.

Pursuant to Count II of the First Amended Complaint, the Court declares that the imposition of the Advance Notification, Jail Access, and Section 1373 Conditions on the City's FY 2017 Byrne JAG funding violated the constitutional principle of separation of powers.

Pursuant to Count III of the First Amended Complaint, the Court declares that the decision to impose the Advance Notification, Jail Access, and Section 1373 Conditions on the City's FY 2017 Byrne JAG funding was arbitrary and capricious, in violation of the Administrative Procedure Act.

Pursuant to Count IV of the First Amended Complaint, the Court declares that the decision to impose the Advance Notification, Jail Access, and Section 1373 Conditions on the City's FY 2017 Byrne JAG funding violated the Spending Clause of the U.S. Constitution.

Pursuant to Count V of the First Amended Complaint, the Court declares that 8 U.S.C. § 1373 is unconstitutional under the Supreme Court's decision in *Murphy v. NCAA*, 138 S. Ct. 1461 (2018).

Pursuant to Count VI of the First Amended Complaint, the Court declares that, if the Challenged Conditions imposed by the Attorney General are valid, the City is in compliance, or substantial compliance.

## II.    PERMANENT INJUNCTION

For the reasons stated above and in the Court's Memorandum Opinion, it is hereby **ORDERED** that the Department of Justice is enjoined from enforcing the Advance Notification Condition, the Jail Access Condition, and the Section 1373 Condition on Philadelphia's receipt of funding under the Byrne JAG Program for FY 2017, regardless of whether those conditions are included in the City's FY 2017 award documents. The City's acceptance of its FY 2017 award shall not be construed as acceptance of the Challenged Conditions.

To the extent an agency of the United States Government has probable cause to assert that an individual in the custody of the City of Philadelphia is a criminal alien (as previously defined by this Court in City of Philadelphia v. Sessions, 2018 WL 2725503, *19 n. 3, (E.D. Pa. June 6, 2018)), and seeks transfer to federal custody of such individual within a city facility, it shall secure an order from a judicial officer of the United States for further detention, as allowed by law.

## III.    MANDAMUS RELIEF

For the reasons stated above and in the Court's Memorandum Opinion, the Court finds

that the City is entitled to mandamus relief. The Department of Justice is hereby **ORDERED** to issue the City's FY 2017 Byrne JAG award documents without further delay, and in any event within 45 days of the date of this Order. After the City's acceptance of its FY 2017 Byrne JAG award, the Department of Justice is further **ORDERED** to process and approve the City's requests for drawdowns of the City's FY 2017 Byrne JAG funds as it would in the ordinary course, and without regard to the Challenged Conditions or the City's compliance with Section 1373.

## IV.    PRESERVATION OF RIGHTS

The City preserves its rights to seek reasonable costs, including attorney's fees, for this matter and any future related proceeding. The Department of Justice preserves its rights to object to or to oppose any attempt by the City to recover costs or attorney's fees.

The Department of Justice preserves its rights to seek a stay pending any appeal.  If the Department of Justice desires to file a motion to stay pending appeal, any such motion must be filed no later than 30 days from the date of this Order.  The  City preserves its rights to object to or oppose any attempt by the Department of Justice to seek a  stay pending any appeal.  If the Department of Justice files a motion to stay pending appeal, the City must respond within 7 days of any such motion.

**BY THE COURT:**

**/s/ Michael M.Baylson**
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 17\17-3894 City v Sessions\Final Judgment and Decree.doc