# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THE CITY OF PHILADELPHIA | CIVIL ACTION |
|---|---|
| v. | NO. 17-3894 |
| JEFFERSON BEAUREGARD SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES | |

### MEMORANDUM RE: COURT'S ADDITION TO FINAL JUDGMENT AND DECREE

**Baylson, J.**                                                                                                      **June 28, 2018**

      This Memorandum will explain why the Court insisted on inserting language in the Final Judgment and Decree that had not been requested – and indeed had been opposed – by both parties. The language which the Court inserted is as follows:

> To the extent an agency of the United States Government has probable cause to assert that an individual in the custody of the City of Philadelphia is a criminal alien (as previously defined by this Court in City of <u>Philadelphia v. Sessions</u>, 2018 WL 2725503, *n. 3, (E.D. Pa. June 6, 2018)), and seeks transfer to federal custody of such individual within a city facility, it shall secure an order from a judicial officer of the United States for further detention, as allowed by law.

      The two prior Opinions in this case have thoroughly detailed the reasons why individuals who qualify as "criminal aliens" are subject to arrest, detention pending removal, and removal from the United States. This has been a consistent policy of Presidential administrations and is thoroughly supported by congressional statutes and court decisions.

      Throughout the testimony in this case, ICE has asserted that so-called "immigration detainers" – which are not court orders – should be recognized by the City as grounds to detain a criminal alien in City custody once the individual is entitled to be released from City custody. The City has refused to recognize any legal effect to immigration detainers. The City's position

is completely justified under controlling court precedent. If the City were to detain persons entitled to release based on immigration detainers, it would be exposing itself to many lawsuits and potentially substantial damages for violation of civil rights.

This dispute has led to a completely unsatisfactory situation, because federal law enforcement officers must locate and attempt to arrest such persons after their release from City prisons, which poses a risk of harm to officers, both City and federal, as well as to the general public. This risk can be easily eliminated.

As a result of the proceedings in this case, the City agreed to arrange for the transfer of custody of a criminal alien in City custody when they were eligible for release from City custody, within the City prison, as long as ICE secured a court order.

Without the court order, the City is required to release the individual. As a result, ICE must then locate and arrest the criminal alien for commencement of deportation proceedings.

The Defendant has failed to come up with any legitimate reason why it refuses to request a court order.

Therefore, the Court inserted the provision quoted above. If the Department of Justice continues in its obdurate refusal to institute a procedure to obtain court orders, it cannot lay any blame other than on itself for the resulting situation of criminal aliens being at-large when, under settled law, with a court order, the Department of Justice may secure custody of them in a secured City prison facility, and immediately institute removal proceedings.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON**
**United States District Court Judge**